IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID JIMENEZ,

     Plaintiff,          No. CIV S-07-2602 FCD GGH P

  vs.

THE STATE OF CALIFORNIA,

    Defendant.        ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, purports to have filed an application pursuant to 28 U.S.C. § 2254, by filing this action on a form appropriate only for habeas petitions. The court's review of the filing, however, reveals that plaintiff has filed a civil rights complaint, wherein he alleges inadequate medical care in violation of the Eighth Amendment.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

1

1  The court will, therefore, construe this action as one brought pursuant to 42 U.S.C. § 1983, and
2  will direct the Clerk of the Court to re-designate this action as one brought pursuant to 42 U.S.C.
3  § 1983.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
4  § 636(b)(1).

5  Plaintiff has filed an application to proceed in forma pauperis and has submitted a
6  declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to
7  proceed in forma pauperis will be granted.

8  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28
9  U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently
10 without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.
11 § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding
12 month's income credited to plaintiff's prison trust account.  These payments shall be collected
13 and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
14 plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

15 The court is required to screen complaints brought by prisoners seeking relief
16 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
17 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
18 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
19 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
20 U.S.C. § 1915A(b)(1),(2).

21 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
22 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
23 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
24 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
25 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
26 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that he has not received the appropriate treatment for a liver disorder. Complaint, p. 4. He contends that he has a life-threatening condition which could give rise to cirrhosis of the liver and liver cancer, among other conditions. Id., at 6. Although plaintiff complains that a Dr. Akintola was hostile to his requests for a consultation or for supplements to reduce further damage, he does not specifically identify him or name any one individual as a defendant. Id. Plaintiff alleges that he has requested but not ever been apprised of the results of a liver biopsy performed on him. Id., at 8. Plaintiff alleges that the medical staff has not complied with his request for an Olson review so that he could have access to information about his medical condition. Id., at 9. Plaintiff has included what appears to be the signatures of seven other inmates at Mule Creek State Prison who he states generally are having "issues pertaining [to] liver problems." Id., at 11. Plaintiff fails to specify a defendant or to set forth the relief he seeks.

Plaintiff's filing is not in compliance with Fed. R. Civ. P. 8. Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

3

showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)

To the extent that plaintiff intends to name the State of California as a defendant, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against the state are frivolous and must be dismissed.

Further, in order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

4

1  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
2  (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
3  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

4        In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court
5  defined a very strict standard which a plaintiff must meet in order to establish "deliberate
6  indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.
7  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
8  which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979.
9  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant
10 should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

11       Plaintiff's complaint will be dismissed but plaintiff will be granted leave to file an
12 amended complaint within thirty days, setting forth claims that rise to the level of a constitutional
13 deprivation and specifically linking the claims to individually named defendants. He must also
14 set forth the relief he seeks.

15       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
16 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
17 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
18 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
19 there is some affirmative link or connection between a defendant's actions and the claimed
20 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
21 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
22 allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board
23 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
25 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
26 amended complaint be complete in itself without reference to any prior pleading. This is

because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The "petition" is construed as a complaint and is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. The Clerk of the Court is directed to re-designate this case as a civil rights action brought pursuant to 42 U.S.C. § 1983.

DATED: 12/21/07                                        /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
jime2602.bnf